**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4392**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELANIO VICK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:16-cr-00088-MSD-LRL-1)

Submitted: January 17, 2019                    Decided: January 22, 2019

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Theresa A. Kennedy, Richmond, Virginia, for Appellant. Kaitlin Gratton Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delanio Vick appeals his conviction and 84-month sentence entered following his guilty plea to conspiracy to commit mail, wire, and bank fraud and aggravated identity theft. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), acknowledging that Vick waived his right to appeal and questioning whether Vick received ineffective assistance of counsel. Vick was advised of his right to file a pro se supplemental brief, but has not done so. The Government has moved to dismiss the appeal as barred by Vick's waiver of the right to appeal included in the plea agreement. We grant the motion and dismiss the appeal.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We generally will enforce a waiver "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). A defendant's waiver is valid if he "knowingly and intelligently agreed to it." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Vick knowingly and voluntarily waived his right to appeal his conviction and sentence, except as to claims of ineffective assistance of counsel. Thus, we conclude that the waiver is valid and enforceable.

Although claims of ineffective assistance of counsel are outside the waiver, we conclude that ineffective assistance of counsel does not conclusively appear on the face of the record. *See United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006).

Accordingly, Vick's ineffective assistance claim is not cognizable on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, this claim should be pursued, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal outside the scope of the waiver. We therefore grant the Government's motion to dismiss the appeal. This court requires that counsel inform Vick, in writing, of the right to petition the Supreme Court of the United States for further review. If Vick requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vick. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*